**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HARLEY-DAVIDSON MOTOR COMPANY, INC., Plaintiff, v. EUIROET, et al., Defendants. | Case No. 26-cv-04613 **Judge Andrea R. Wood** **Magistrate Judge Young B. Kim** |

**DECLARATION OF LIJIA CHEN**

I, Lijia Chen, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein:
2. I am a trademark attorney at the law office Beijing NTD Law Office, located in Beijing, China. I graduated from Renmin University of China with an LLM degree in 2013, and from Southwest University of Political Science and Law with a Bachelor of Laws in 2010. I have extensive experience in counseling clients on a full range of trademark and copyright law issues, including anti-counterfeiting matters, advising on unfair competition, trade secret, advertising, social media, and e-commerce law, litigating intellectual property cases, and conducting litigation related due diligence and investigations. I reside in Beijing, China, and I am fluent in both Chinese and English.
3. Counsel for Plaintiff Harley-Davidson Motor Company, Inc. ("Plaintiff") engaged my law firm to investigate the addresses provided for the Defendants identified on Schedule A in this case.

The information provided for each of the Defendants generally includes a Seller Alias, an address, and a business name.

4. The purpose of our investigation was to determine whether there is an indication that the Defendant is available for service at that address.

5. Our investigation consisted of completing searches using the Defendants' provided Seller Alias, address, and business name (if available) through Baidu Maps, Qichacha, and the government database from the National Enterprise Credit Information Publicity System (NECIPS), as further described below. Our conclusions from these investigations were based on the combination of results from Baidu Maps, Qichacha, and NECIPS.

6. Baidu Maps is a comprehensive mapping service developed by Baidu, China's largest internet public search engine. Under Article 27 of Surveying and Mapping Law of the People's Republic of China, Article 2 of Measures for the Administration of Surveying and Mapping Qualifications as well as Classification and Grading Standards for Surveying and Mapping Qualifications, surveying and mapping is strictly regulated, and only entities holding a Class A qualification can provide Internet map services. Baidu Maps holds a Class A qualification for the production of navigable electronic maps and the provision of Internet map services in China. Baidu Maps is one of China's most widely used mapping services and was developed specifically for the Chinese market.

7. Qichacha is one of China's most prominent business intelligence and corporate registry platforms. It acts as a commercial aggregator of Chinese public corporate data, and provides deep background checks, relationship mapping, and credit reporting for hundreds of millions of business entities. It uses publicly available government data,[1] graph database technology,

---

[1] Qichacha aggregates data from National Enterprise Credit Information Publicity System (NECIPS) (https://www.gsxt.gov.cn); China Judgements Online (https://wenshu.court.gov.cn), a government

company backgrounds, actual controllers, and real-time monitoring of changes in companies. Qichacha also provides basic company registration information as well as in-depth content such as shareholder structure, operating conditions, intellectual property rights, and legal cases about registered Chinese business.

8. Qichacha uses the government database from the National Enterprise Credit Information Publicity System (NECIPS), the official corporate and business registry of Mainland China, which is used by the government of the People's Republic of China to verify corporate registration and compliance history. NECIPS is a free, publicly accessible platform that provides corporate registration compliance records, and credit data for businesses registered in China.

9. NECIPS is run by the State Administration for Market Regulation (SAMR) in China. Pursuant to Article 29 of Company Law of the People's Republic of China (Revised 2023, Effective Jul 1, 2024), to establish a business in mainland China, a company must register with company registration authority. Pursuant to Article 3 of the Implementing Rules for the Regulations on the Administration of Market Entity Registration published by SAMR, SAMR is in charge of the unified registration-administration of market entities nationwide, while local market

---

database for court decisions; China Enforcement Information Public Network (http://zxgk.court.gov.cn), an official judicial disclosure platform that publicly releases court enforcement information, including lists of dishonest judgment debtors, persons subject to consumption restrictions, and basic details of enforcement cases; China National Intellectual Property Administration (CNIPA) Official Website (https://www.cnipa.gov.cn), the official website of China National Intellectual Property Administration that provides public access to information on patent and trademarks, relevant laws, and regulations and official gazettes; China Trademark Website of the Trademark Office under CNIPA (http://sbj.cnipa.gov.cn), the official website of China Trademark Office that provides public access to trademark information, authority decisions, information of trademark agencies, as well as relevant laws and regulatory documents; and the Official Website of the National Copyright Administration of China (NCAC) (https://www.ncac.gov.cn), the official website of National Copyright Administration that provides public access to copyright related laws, regulations, policy documents, copyright protection warning lists, law enforcement updates and typical case studies, national statistics on copyright registration, and information of copyright pledge registration.

regulation authorities at or above the county level are in charge of the registration-administration of market entities within their respective jurisdictions. Article 25 and Article 26 of the same regulation provide that a company must submit: an application form, an identification document for applicants, proof of domicile or business premises, the company's articles of association, and appointment documents and identity certificates for their legal representative, directors, supervisors and senior management.

10. According to Article 8 of Interim Regulations on the Public Disclosure of Enterprise Information published by State Council of the People's Republic of China, businesses operating in mainland China shall submit the annual reports for the last year to the market regulation authorities through NECIPS between January 1 and June 30 of each year, and make such annual reports available to the public. Article 14 provides that businesses may be subject to random inspections of their business address by the market regulation authority. Pursuant to Article 4 of Administrative Measures for the List of Enterprises with Abnormal Business Operations published by SAMR, businesses that cannot be contacted at their registered business address shall be included in the business-abnormality list. Article 5 of the above Administrative Measures also provides that that when a market regulation authority includes an enterprise in the business-abnormality list, it shall render a decision, record the information about business-abnormality list in the enterprise's public information, and publish such information through NECIPS.

11. Pursuant to Article 37 of the Company Law of the Peoples Republic of China, where a company needs to be terminated due to dissolution, being declared bankrupt or other statutory causes, it shall apply to the company registration authority for company deregistration in accordance with law, and the company registration authority shall announce the termination of

the company. Article 229 of the same law regulates that: A company shall be dissolved for any of the following reasons: (1) Expiry of the business term stipulated in the articles of association of the company, or occurrence of other dissolution events specified in the articles of association; (2) Dissolution by resolution of the shareholders' meeting; (3) Dissolution necessitated by a merger or division of the company; (4) Revocation of its business license, being ordered to close down or being revoked in accordance with law; (5) Dissolution ordered by the people's court pursuant to Article 231 of this Law. Where a company encounters any dissolution cause set forth in the preceding paragraph, it shall publicize such dissolution cause through NECIPS within ten days. According to the above articles, businesses that elect to terminate operations are publicly listed as deregistered on NECIPS.

12. Pursuant to Article 241 of the Company Law of the Peoples Republic of China, where a company has its business license revoked, is ordered to close down or is revoked, and fails to apply to the company registration authority for company deregistration within three years, the company registration authority may issue a public notice through NECIPS with a notice period of no less than sixty days. Upon the expiry of the notice period and in the absence of any objection, the company registration authority may have the company deregistered. According to the above article, businesses that is revoked would be deregistered finally.

13. Our first step was to review each provided address to determine if the address was complete. I, or someone under my direction, reviewed each provided address, and if the address was missing a district, city, street name, or street address, we determined that the address was incomplete.

14. Our next step was to search each provided address. I, or someone under my direction, searched each of the Defendants' provided addresses in Baidu Maps. If the provided address was in English, a second search was conducted using a literal translation of the address in Chinese.

15. Our next step was to search each Defendant's Seller Alias and business entity name (if available) on Qichacha to see if Defendant's Seller Alias or business entity name is in the Qichacha database.

16. If a Defendant's Seller Alias and business entity name are not in the Qichacha database and the Baidu Maps search results for Defendant's provided address do not include Defendant's Seller Alias or business entity name, we determined there is nothing showing Defendant is at the provided address.

17. If a Defendant's Seller Alias or business name is in the Qichacha database, we first checked if the address found on Qichacha matched the address provided by the third party platform for Defendant.

    a. If the address on Qichacha does not match the provided address, we determined that the company found on Qichacha is not the Defendant. We would search Defendant's provided address on Baidu Maps and if the search did not include results for Defendant's Seller Alias or business entity name, we determined that there is nothing showing Defendant is at the provided address.

    b. If the address on Qichacha matches the provided address, we would also search information from the Qichacha results on Baidu Maps, including the company name and address. We would consider whether the results on Baidu Maps include Defendant's Seller Alias or business entity name. If the results did not include

Defendant's Seller Alias or business entity name, we determined that there is nothing showing Defendant is at the provided address.

18. We also searched the Defendant's business entity name (if available) in Chinese on NECIPS to see if it is listed on the business-abnormality list, was deregistered, or revoked.

    a. As provided above, a business that cannot be contacted at their registered business address is listed on the business-abnormality list. If a Defendant's Seller Alias or business name is included on the business-abnormality list, we determined that there is nothing showing Defendant is at the provided address.

    b. As provided above, a business that has elected to terminate operations is listed as deregistered. If a Defendant's Seller Alias or business name is identified as deregistered, we determined that there is nothing showing Defendant is at the provided address.

    c. As provided above, a revoked business would be deregistered finally. If a Defendant's Seller Alias or business name is identified as revoked, we determined that there is nothing showing Defendant is at the provided address.

19. The results and findings from our investigation are attached hereto as **Exhibit 1**.

20. Based on our investigation, there was no information indicating that the Defendants are available at their provided addresses. Our conclusions from these investigations were based on the combination of results from Baidu Maps, Qichacha, and NECIPS. **Exhibit 1**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16th day of September 2026 in Beijing, China.

Lijia Chen

Lijia Chen